MATILDA BOHLKEN, Plaintiff, *v.* TITLE GUARANTEE AND TRUST COMPANY, Defendant.

Supreme Court, Special Term, Bronx County, January 8, 1936.

*Charles H. Bellows*, for the plaintiff.

*Millbank, Tweed, Hope & Webb*, for the defendant.

WALSH, J. These are cross-motions by plaintiff and defendant for summary judgment. The action is at law based on a rescission. The substantial facts are undisputed. Plaintiff owned an $8,000 mortgage certificate which matured January 6, 1931. Defendant by letter informed her of the maturity, of the certificate. She thereupon wrote defendant expressing a desire to secure a five and one-half per cent return on the reinvestment of her money. Defendant stated it would do so in a mortgage on Long Island property and requested plaintiff to return to it the old certificate. This was done. Thereafter defendant delivered to plaintiff the certificate which is the basis of this action. The certificate on its face stated that the mortgage covered property " 35th Ave. to 37th Ave. & 73rd St. to 76th St." Plaintiff subsequently discovered that the mortgage covered but part of the property; that instead of being a mortgage on the entire property (five blocks), it covered only a part thereof (two blocks). She requested defendant to return her money. Upon its failure to do so she rescinded the contract and brought this action. The misdescription on the certificate was due to error and mistake on the part of the defendant. It asks that the certificate be corrected so as to correctly recite the property covered by the mortgage.

Upon these facts it is clear there was no offer and acceptance sufficient to constitute a contract until the delivery to and acceptance by plaintiff of the certificate. In accepting same she had a right to rely on its correctness, and when she subsequently discovered that instead of representing a participating interest in a mortgage covering five blocks, said mortgage covered only two, she was entitled to rescind on the ground that she did not receive what defendant represented to her she was getting.

Defendant's claim for reformation is based on the assumption that a contract had been entered into between the parties whereby plaintiff agreed to accept any five and one-half per cent mortgage certificate on Queens property that defendant might send her. No such meeting of the minds of the parties is shown. Even though the sending of the old certificate to defendant might be deemed an acceptance of the offer of defendant to secure a new certificate, such acceptance did not constitute an agreement on plaintiff's part to take any five and one-half per cent mortgage on Queens property. In any event, the offer was not sufficiently definite. The essential

terms necessary to enable either party to enforce it were lacking. The offer to secure a mortgage certificate without setting forth the value of the property, the amount of the mortgage, whether the mortgage was a first or junior lien, its duration, whether on improved or unimproved property, is so incomplete as to make enforcement impossible. Nor is it shown that there was any agreement that the determination of these matters was to be left to defendant. Reformation on the ground of mistake will be decreed only where the evidence shows that the mistake was mutual and that a real agreement had been reached between the parties which the writing by mistake did not express. It is not enough to show the sense and intention of one of the parties. It must be shown that the sense and intention of the other was the same. Defendant fails to set forth facts meeting these requirements.

Plaintiff's motion is granted; defendant's motion is denied. Orders signed.